### IN THE UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| GLOBAL CLEAN ENERGY HOLDINGS, INC., *et al.*,[1] | Case No. 25-90113 (ARP) |
| Debtors. | (Jointly Administered) |

### CONFIDENTIALITY AGREEMENT AND
### JOINT STIPULATED PROTECTIVE ORDER

This Confidentiality Agreement and Joint Stipulated Protective Order (the "Order") is entered into by and among: (a) the debtors and debtors in possession (collectively, the "Debtors") in the above captioned chapter 11 cases (the "Chapter 11 Cases"); (b) the Official Committee of Unsecured Creditors of Global Clean Energy Holdings, Inc., *et al*. (the "UCC"); and (c) any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A** attached hereto (the "Declaration") upon agreement with the Debtors. Each of the persons or entities identified in the foregoing clauses (a) through (c) shall be referred to herein individually as a "Party," and, collectively, as the "Parties."

The Parties, by and through their respective attorneys of record and subject to approval of the United States Bankruptcy Court for the Southern District of Texas (the "Court"), have agreed to entry of this Order pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/GCEHoldings. The location of Debtor Global Clean Energy Holdings, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is: 6451 Rosedale Highway, Bakersfield, California 93308.

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and, with respect to any existing or future contested matter or adversary proceeding, pursuant to Bankruptcy Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>").

## Recitals

WHEREAS, there are, and may be further, judicial or other proceedings, including but not limited to investigations, contested matters, adversary proceedings, and other disputes (each a "<u>Dispute</u>" and, collectively, the "<u>Disputes</u>"), arising out of or relating to the Chapter 11 Cases in this Court;

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another or from third parties with respect to one or more Disputes, including through informal requests, Bankruptcy Rule 2004 notices or motions, or service of document requests, interrogatories, requests for admission, deposition notices, subpoenas, and other discovery requests (collectively, "<u>Discovery Requests</u>") as provided by the Federal Rules, the Bankruptcy Rules, and the Bankruptcy Local Rules for the Southern District of Texas (the "<u>Local Rules</u>");

WHEREAS, the Parties anticipate that certain persons or entities other than the Parties hereto[2] may also propound or be served with Discovery Requests in connection with Disputes during the course of the Chapter 11 Cases;

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material, to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material that a Party seeks to maintain as confidential, the Parties stipulate and

---

[2]   References to "non-Parties" or "Parties" are for purposes of reference in this Order only.  All such references herein are not intended to reflect any person's standing or the status of any litigant.

agree as follows:

1.      The Parties shall submit this Order to the Court for approval. The Parties shall abide by and be bound by the terms of this Order except as it relates to filing Designated Material under seal without the necessity of filing a separate motion pursuant to paragraph 17 below even if this Order is not entered by the Court for any reason, unless the Court otherwise determines.

2.      Unless otherwise agreed by the Parties or ordered by the Court, all deadlines and time periods herein shall be computed pursuant to Bankruptcy Rule 9006.

## Scope of Order

3.      This Order applies to all information, documents, and things exchanged in, or subject to, discovery or provided in response to a diligence request in connection with the Chapter 11 Cases, either by a Party or a non-Party (each, a "Producing Party") to any other Party or non-Party (each, a "Receiving Party"), formally or informally, either prior to or after the filing of a judicial proceeding or entry of this Order, in response to or in connection with any Discovery Requests or diligence requests, including without limitation, deposition testimony (whether based on oral examination or written questions), deposition transcripts and exhibits, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, data, information and things produced in whatever form, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material"). Discovery Material includes (i) hard copy documents and electronically stored information, including, without limitation, writings, drawings, graphics, charts, photographs, sound recordings, images, data, or data compilations stored in any medium and (ii) all information, filings, documents, and things derived therefrom, based on any of the foregoing material, in whole or in part.

3

4.     This Order does not affect, amend, or modify any existing confidentiality agreements, non-disclosure agreements, intercreditor agreements, or protective orders applicable to any Producing Party and/or Receiving Party, and nothing in this Order shall constitute a waiver of any rights or excuse any obligations under such agreements or orders.

5.     This Order does not confer blanket protections on all disclosures or responses to discovery in the Chapter 11 Cases or any Dispute arising in connection therewith, and the protection it affords extends only to information and documents that are entitled to confidential treatment.

6.     Any non-Party that executes and delivers to the Parties a Declaration in the form provided as **Exhibit A** hereto shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto and shall be permitted to review "Confidential" and "Highly Confidential-Professional Eyes Only" Discovery Material as set forth in Paragraphs 14 and 15 of this Order.

7.     This Order applies to all non-Parties that are served with subpoenas or who otherwise produce information, documents, or things, or are noticed for deposition with respect to the Chapter 11 Cases, and all such non-Parties are entitled to the protections afforded hereby and subject to the obligations contained herein upon signing a Declaration in the form provided as **Exhibit A** and agreeing to be bound by the terms of this Order.

8.     Any Party or its counsel serving a subpoena upon a non-Party, which subpoena requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena and instruct the non-Party recipient of such subpoena that such non-Party may designate documents or testimony in the Chapter 11 Cases produced pursuant to such subpoena according to the provisions herein. In the event a non-Party has already been served with a

4

subpoena or other discovery request at the time this Order is entered by the Court, the serving Party or its counsel shall provide the service and notice of this Order required by the preceding sentence as soon as reasonably practicable after entry of this Order.

### Designating Discovery Material

9.      Any Producing Party may designate Discovery Material as "Confidential" or "Highly Confidential-Professional Eyes Only" (any such Discovery Material, "Designated Material"), in accordance with the following provisions, and for purposes of this Order:

a.      "Confidential" Discovery Material: A Producing Party may designate Discovery Material as "Confidential" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material: (A) constitutes or contains nonpublic proprietary or confidential technical, research, business, financial, personal, or other information of a nature that can be protected under Federal Rule 26(c) or Bankruptcy Rules 7026 or 9018; or (B) is subject to the protections of the EU GDPR or UK GDPR and contains unredacted "personal data" as defined by either the EU GDPR or UK GDPR (both as defined below) ("Personal Data") or unredacted "special categories of personal data" as defined in Article 9(1) of the EU GDPR and UK GDPR (both as defined below) or data relating to criminal convictions or offences subject to Article 10 of the EU GDPR and UK GDPR (both as defined below) (together "Sensitive Personal Data").

b.      "Highly Confidential-Professional Eyes Only" Discovery Material: A Producing Party may designate Discovery Material as "Highly Confidential-Professional Eyes Only" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material is (A) information maintained as a trade secret; (B) technical, competitive, financial, marketing, or strategic planning information that, if disclosed to persons other than those identified in Paragraph 15 to this Order,  would create a  risk of competitive harm to the Producing Party; or (C) current or former operational or strategic plans regarding operations, potential mergers, acquisitions, sales, or investments that, if disclosed to persons other than those identified in Paragraph 15 to this Order, would create a risk of competitive harm to the Producing Party. In addition to the above, the Producing Party may, at any time, seek agreement or move for a further order that additional, specific Discovery Material or categories of Discovery Material may be produced on a "Highly Confidential-Professional Eyes

Only" basis.

10.     <u>Manner Of Designating Discovery Material</u>: Where reasonably practicable, any Designated Material, other than oral deposition testimony, shall be designated by the Producing Party as such by marking each page "Confidential" or "Highly Confidential-Professional Eyes Only" as applicable. Such markings should not obliterate or obscure the content of the material that is produced. Where marking of every page of such material is not practicable, such as with certain native file documents, such material may be designated as "Confidential" or "Highly Confidential-Professional Eyes Only" by informing the Receiving Party in writing in a clear and conspicuous matter at the time of production of such material that the material is "Confidential" or "Highly Confidential-Professional Eyes Only," provided that including such terms in the file names of any native file documents shall be deemed to comply with this requirement. Where Designated Material is produced in the form of a written response to a request for written discovery (including, without limitation, written responses to interrogatories), the Producing Party may designate such material by imprinting "Confidential" or "Highly Confidential-Professional Eyes Only" as applicable on the first page of the written response. Discovery Material produced prior to the execution of this Order pursuant to an agreement that such Discovery Material would be treated as "Confidential" or "Highly Confidential-Professional Eyes Only" shall be treated as "Confidential" or "Highly Confidential-Professional Eyes Only" pursuant to this Order notwithstanding such Discovery Material not bearing such markings. A Party that was not the Producing Party may designate Discovery Material by providing written notice to all Receiving Parties that such Discovery Material is "Confidential" or "Highly Confidential-Professional Eyes Only," pursuant to the terms of this Order (the "<u>Designating Party</u>").

11.     <u>General Data Protection Regulation Compliance</u>: Any Party subject to the

European Union's General Data Protection Regulation ("EU GDPR") or the General Data Protection Regulation as retained in the United Kingdom ("UK GDPR") may designate as "Confidential" or "Highly Confidential-Professional Eyes Only" any unredacted "Personal Data" or "Sensitive Personal Data," as applicable, within the meaning of either the EU GDPR or UK GDPR within any document, testimony, or information subject to the protections of the EU GDPR or UK GDPR that is produced or disclosed to any Receiving Party. In the first instance, a Producing Party subject to either the EU GDPR or UK GDPR shall be permitted with respect to any information subject to the protections of the EU GDPR or UK GDPR, where they reasonably deem that such information is not relevant to the relevant Dispute, to redact: (i) "Sensitive Personal Data" within any such document, testimony, or information produced or disclosed to any Receiving Party; (ii) from such emails or other documents the identity(ies) of the individual sender, recipient(s), or copyee(s), but shall leave unredacted the domain name (for example, @domainname.com); (iii) any other Personal Data within any such document, testimony, or information produced or disclosed to any Receiving Party, including in the body of an email correspondence. A Receiving Party shall have the right to request disclosure of any redacted information at any time during the Chapter 11 Cases. If the Parties cannot reach agreement on redaction matters, the Receiving Party may seek relief from the Court, pursuant to the provisions of Paragraph 28 of this Order. Until the Court rules on the issue or the Parties resolve the issue consensually, the Personal Data including any Sensitive Personal Data shall remain redacted.

12.    <u>Inadvertent Failure to Designate Discovery Material</u>: Inadvertent failure to designate particular Discovery Material as "Confidential" or "Highly Confidential-Professional Eyes Only" at the time of production shall not, standing alone, operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later apply another

designation pursuant to this Order ("Misdesignated Material").  The Designating Party must promptly provide written notice indicating its designation to the Receiving Party and, if the Designating Party did not produce the information, to the Party that produced the information. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Receiving Parties shall take all commercially reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Designating Party, a Receiving Party shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any Misdesignated Material, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the Misdesignated Material has been, at the time of the later designation, previously publicly filed with the Court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

## Use and Disclosure of Confidential or Highly Confidential-Professional Eyes Only Discovery Material

13.    General Limitations On Use And Disclosure Of All Discovery Material: All Discovery Material shall be used by the Receiving Parties solely for the purposes of the Disputes or the Chapter 11 Cases, and solely to the extent reasonably necessary to accomplish the purpose for which the disclosure is made, and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, legal, or administrative purpose or function.

14.    <u>Confidential Discovery Material</u>: Confidential Discovery Material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

a.    the Parties (including their respective members, managers, partners, directors, officers, employees, in-house counsel, and agents who are assisting with or making decisions with respect to the Dispute or the Chapter 11 Cases);

b.    the Parties' outside counsel;

c.    any supporting personnel employed by (b), such as paralegals, legal secretaries, data entry clerks, legal clerks, service vendors, and private photocopying, graphic production, and litigation support services who are assisting with the Dispute or the Chapter 11 Cases;

d.    the Debtors' creditors and other constituents that are signatories to this Order, including their respective members, managers, partners, directors, officers, employees, and agents who are assisting with or making decisions with respect to the Dispute or the Chapter 11 Cases;

e.    the Office of the United States Trustee for Region 7 (the "<u>U.S. Trustee</u>");

f.    any non-Party who has signed a Declaration, in the form provided as Exhibit A hereto; and

g.    any other persons specified in Paragraph 15 below.

15.    <u>Highly Confidential-Professional Eyes Only Discovery Material</u>: Highly Confidential-Professional Eyes Only Discovery Material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

a.    outside counsel and staff working under the express direction of such counsel for:

(i)    the Parties;

(ii)    the Debtors' creditors and other constituents that are signatories to this Order;

(iii)    the U.S. Trustee; and

9

(iv)     any non-Party who has signed a Declaration, in the form provided as Exhibit A hereto;

b.     any supporting personnel employed by (a), such as paralegals, legal secretaries, data entry clerks, legal clerks, service vendors, and private photocopying, graphic production, and litigation support services who are assisting with the Dispute or the Chapter 11 Cases;

c.     professionals, industry advisors, financial advisors, accounting advisors, experts, and consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Dispute or the Chapter 11 Cases;

d.     any mediator that the Parties engaged or that the Court appoints in connection with the Dispute or the Chapter 11 Cases;

e.     any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

f.     any person for whom testimony is taken or is to be taken, either at a deposition, through other Discovery Requests, or in court proceedings, and the witness's counsel, to the extent that such disclosure is determined by counsel in good faith to be reasonably necessary for the proceedings or the resolution of the Dispute or the Chapter 11 Cases, provided, however, that the persons identified in this paragraph shall not be permitted to retain copies of such Highly Confidential-Professional Eyes Only Discovery Material unless such persons are otherwise entitled to retain copies pursuant to this Order;

g.     court reporters, stenographers, or videographers who record deposition or other testimony in connection with the Dispute or the Chapter 11 Cases;

h.     the Court, its officers, and clerical staff overseeing the Dispute or the Chapter 11 Cases; and

i.     any other Party with respect to whom the Producing Party may consent in writing and who has signed a Declaration in the form provided as Exhibit A hereto.

16.     <u>Designated Material To Be Disclosed Only In Accordance With Paragraphs 14 and 15</u>: Highly Confidential-Professional Eyes Only Discovery Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people provided in Paragraph 15 of this Order. Confidential Discovery

10

Material, and the substantive information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraphs 14 and 15 of this Order.

17.     <u>Sealing of Designated Material Filed With Or Submitted To Court</u>:   Unless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Confidential or Highly Confidential-Professional Eyes Only Discovery Material, shall be filed under seal and served on the parties-in-interest entitled to receive the sealed document in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules including, among other things, simultaneously filing redacted documents where practicable consistent with Local Rule 9037-1(d). Notwithstanding Local Rule 9037-1(g), no separate motion to seal such Designated Material shall be required provided such sealed materials comply with this Order. Any Designated Material filed under seal in compliance with this Order shall remain confidential and any person who receives such sealed Designated Material shall not disclose or otherwise disseminate it to any other person or entity including, without limitation, in response to a request under the Freedom of Information Act. Parties filing Confidential or Highly Confidential-Professional Eyes Only Discovery Material under seal pursuant to this Order shall reference this Order and indicate whether a redacted copy has been publicly filed in the pleading accompanying such documents. This paragraph is without prejudice to the right of any Party or the U.S. Trustee to move upon notice to the applicable Party to unseal any papers, or parts thereof, filed under seal if, following meet and confer with the applicable Producing Party, any Party or the U.S. Trustee is unable to reach agreement regarding access and confidentiality with the party designating such information as Confidential or Highly Confidential-Professional Eyes Only Discovery Material. Confidential or Highly Confidential-

Professional Eyes Only Discovery Material shall be filed only under seal in accordance with the Federal Rules, the Bankruptcy Rules, and the Local Rules, or, if filed in hard copy, in a sealed envelope bearing the caption of this action and a notice in the following form:

### CONFIDENTIAL INFORMATION

**[caption]**

**This envelope, which is being filed under seal, contains documents that are subject to a Protective Order governing the use of confidential discovery material.**

18.     <u>Use of Discovery Material In Open Court</u>: In the event that any Confidential Discovery Material or Highly Confidential-Professional Eyes Only Discovery Material is used in any court proceeding involving the Disputes, the Chapter 11 Cases, or any appeal therefrom,[3] said Confidential Discovery Material or Highly Confidential-Professional Eyes Only Discovery Material shall not lose its status as Confidential or Highly Confidential-Professional Eyes Only through such use. Any Party intending to use Designated Material in open court at trial or any hearing (the "<u>Identifying Party</u>") shall identify all such Designated Material in the Identifying Party's witness and exhibit list and file such list in accordance with the Local Rules or as otherwise agreed pursuant to a stipulation and agreed order. The Producing Party shall provide the Identifying Party its written consent, if any, to the Identifying Party's use in open court of any of the Designated Material listed on the Identifying Party's witness and exhibit list, by 24 hours prior to the use of any Designated Material in open court (or, in the case of an emergency hearing, within a reasonable time prior to the use of any Designated Material). The Identifying Party and the

---

[3]   Any Party designating any pleadings, motions, or other papers filed with the Court that is or includes, contains, references, or otherwise reveals the content of Designated Material as part of the record on appeal shall file a motion with the court where the appeal is pending seeking such court to accept any such sealed documents under seal pursuant to Bankruptcy Rule 8009(f).

Producing Party may thereafter meet and confer in good faith concerning the use of any remaining Designated Material, to discuss ways to redact or otherwise protect the Designated Material so that the material may be offered or otherwise used by any Party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. If the Parties are unable to resolve a dispute related to the use of such Designated Material in open court, the issue shall be submitted to the Court to determine the manner in which the exhibit may be used and the extent of any protections of the Designated Material in open court.

### Depositions

19.     <u>Deposition Testimony—Manner Of Designation</u>: In the case of depositions, if counsel for a Party or non-Party believes that a portion of the testimony given at a deposition should be Designated Material, such testimony may be designated, as appropriate, by:

a.      Stating so orally on the record and requesting that the relevant portion(s) of testimony be so designated; or

b.      Providing written notice within five (5) business days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) or entirety of such transcript or videotape of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within five (5) business days, in which case the foregoing five (5) business day period will be reduced to three (3) business days, unless a shorter time is otherwise agreed by the Parties in connection with a specific deposition. Such designation and written notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) or the entire transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 23 below. Until expiration of the aforesaid five (5) business day, three (3) business day, or shorter period following receipt of the transcript, as applicable, all deposition transcripts and videotapes shall be considered and treated as Highly Confidential-Professional Eyes Only unless otherwise designated by counsel to any Party or non-Party on the record at the deposition. If no such designation is made at the deposition or within the relevant time period, the entire deposition will be considered devoid of Confidential Discovery Material or Highly Confidential-Professional Eyes Only Discovery Material.

20.    <u>Designated Material Used As Exhibits During Depositions</u>: Nothing in Paragraph 19 of this Order shall apply to or affect any pre-existing confidentiality designations on Discovery Material entered as exhibits at depositions.

21.    <u>Witness Review Of Deposition Testimony</u>: Nothing in Paragraphs 19 or 20 hereof shall preclude the witness from reviewing his or her deposition transcript and accompanying exhibits.

22.    <u>Presence Of Parties During Deposition Testimony</u>: When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated unless such persons become a Party to this Order.  After such exclusion from the portion of any deposition containing Designated Material, a non-Party that wishes to receive written or other recordings of the deposition testimony contained Designated Material must become a Party to this Order; provided, however, that no person that is not identified in Paragraph 15 of this Order shall be entitled to any Highly Confidential-Professional Eyes Only Discovery Material absent good cause and a further order by this Court.

23.    <u>Responsibilities And Obligations Of Court Reporters</u>: In the event that testimony is designated as Confidential or Highly Confidential-Professional Eyes Only, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential" or "Highly Confidential-Professional Eyes Only" as appropriate. If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly

Confidential-Professional Eyes Only" as appropriate, if any portion of the transcript itself is so designated.

**General Provisions**

24.     This Order is a procedural device intended to protect Discovery Material designated as "Confidential" or "Highly Confidential-Professional Eyes Only." Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery Material.

25.     For purposes of this Order, "writing" shall include electronic mail.

26.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice.

27.     <u>Unauthorized Disclosure Of Designated Material</u>: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure immediately (a) notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; (b) use reasonable best efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (c) notify the Producing Party in writing of the unauthorized disclosure, including the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to

recover the disclosed Designated Material and ensure against further dissemination or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to sanctions and remedies as the Court may deem appropriate.

28.    <u>Manner Of Objecting To Designated Material</u>: If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Party in writing, and then confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order. The Receiving Party may seek relief from the Court on an expedited basis if the Receiving Party and the Producing Party cannot resolve their dispute. Until the Court rules on such an issue, the Designated Material shall continue to be treated according to the Producing Party's designation.  Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential-Professional Eyes Only" designation from any Discovery Material so designated subject to the provisions of this Order. The Party seeking to maintain Discovery Material as Designated Material has the burden to establish whether such a designation is appropriate.

29.    <u>Timing Of Objections To Designated Material</u>: A Receiving Party shall not be obliged to challenge the propriety of a "Confidential" or "Highly Confidential-Professional Eyes Only" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Receiving Party to challenge the designation by a Producing Party of Discovery Material as "Confidential" or "Highly Confidential-Professional Eyes Only" during the discovery period shall not be a waiver of that Receiving Party's right to object to such designation at an evidentiary hearing or trial.

30.    <u>Inadvertent Production Of Privileged And Other Discovery Material</u>: This Order is

entered pursuant to Rule 502(d) of the Federal Rules of Evidence, which is made applicable to the Chapter 11 Cases by Bankruptcy Rule 9017. Inadvertent production of any Discovery Material which a Party or non-Party later claims in good faith should not have been produced because of the EU GDPR or UK GDPR or because of a privilege, including but not limited to the attorney-client privilege, common interest privilege, or work product doctrine ("Inadvertently Produced Information"), will not by itself constitute a waiver of any applicable privacy law, privilege, or work product protection. Within a reasonable period of time after a Producing Party discovers (or upon receipt of notice from another Party or non-Party) that it has produced Inadvertently Produced Information, the Producing Party shall request the return of such Inadvertently Produced Information by identifying in writing the Discovery Material inadvertently produced and the basis for withholding such Discovery Material from production. If a Producing Party requests the return of Inadvertently Produced Information pursuant to this paragraph, the Receiving Party must promptly return, sequester, or destroy the specified documents or information in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and, if Inadvertently Produced Information forms only part of a document, the Producing Party must produce an appropriately redacted version of the document(s). If the Receiving Party disputes the privacy law, privilege, or work product claim, the Parties shall thereafter meet and confer regarding the disputed privacy law, privilege, or work product claim. If the Parties cannot resolve their dispute following the meet and confer, either Party may seek a determination from the Court on an expedited basis whether the privacy law, privilege, or work product protection applies. The Producing Party must preserve the Inadvertently Produced Information and, other than in connection with seeking a determination by the Court, the Receiving Party may not use the Inadvertently Produced Information for any purpose until the dispute is resolved. No Party shall contend that the meet and confer process set forth in this

paragraph constitutes a waiver of attorney-client privilege or attorney work product for any document claimed to be protected from disclosure.

31.     <u>Use Of Non-Discovery Material</u>: To the extent that any Receiving Party has documents or information that (i) were already in its possession; (ii) are received or become available to a Receiving Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (iii) were independently developed by such Receiving Party without violating its obligations hereunder; or (iv) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person (collectively "<u>Non-Discovery Material</u>"), nothing in this Order shall limit a Receiving Party's ability to use Non-Discovery Material for any purpose, including in a deposition, hearing, trial or otherwise in connection with any Dispute or the Chapter 11 Cases.

32.     <u>Obligations Following Conclusion Of The Dispute(s) or Chapter 11 Cases</u>: Within ninety (90) days of the later of the conclusion of the relevant Dispute(s) or the Debtors' emergence from bankruptcy, including all appeals as to all Parties, unless otherwise agreed by the Parties or ordered by a court, all Parties and non-Parties, at the request of the Producing Party, shall take all reasonable steps to return to counsel for the respective Producing Party, or to destroy, all Discovery Material, and all copies or notes thereof in the possession of any person, except that: counsel may retain for its records their work product and a copy of court filings, deposition transcripts, deposition videotapes, deposition exhibits, expert reports, and exhibits introduced at any hearing or trial; and a Receiving Party may retain Discovery Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required by law, for regulatory recordkeeping purposes or internal governance or record keeping policies; provided that such retained documents will continue to be treated as provided in this

18

Order. Notwithstanding anything in this paragraph, to the extent that the information in the Discovery Material remains confidential, the terms of this Order shall remain binding, except that (a) there shall be no restriction on documents that are used as exhibits in open court, unless such exhibits were filed under seal, and (b) a Receiving Party may seek the written permission of the Producing Party or order of the Court with respect to dissolution or modification of this Order.

33.     <u>Continuing Applicability Of Confidentiality Agreement And Stipulated Protective Order</u>: The provisions of this Order shall survive the final termination of the Dispute(s) and the Debtors' emergence from bankruptcy for any retained Discovery Material. The final termination of the Dispute(s) or the Debtors' emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce this Order.

34.     <u>Amendment Of Confidentiality Agreement And Stipulated Protective Order</u>: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time. All Parties may also agree by written stipulation to amend the provisions of this Order, subject to Court approval, and shall abide by the terms of the proposed amendment unless and until the Court orders otherwise.

35.     <u>Disclosure Of Discovery Material In Other Proceedings</u>: Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand, or request seeking the disclosure of a Producing Party's Discovery Material: (i) shall notify the Producing Party within five (5) business days of receipt of such process or demand (unless such notice is prohibited by applicable law, rule, or regulation) to enable it to have an opportunity, at such Producing Party's sole cost and expense, to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required

disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

36.     Use Of Discovery Material By Producing Party: Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way. Such disclosure will not waive the protections of this Order and will not entitle other Parties or non-Parties, or their respective attorneys, to use or disclose such Discovery Material in violation of this Order.

37.     Objections To Discovery Requests: Nothing herein shall be deemed (a) to prevent a Party from objecting to Discovery Requests or asserting that information being sought in Discovery Requests is of such a confidential, personal, or proprietary nature that discovery should not be afforded or (b) to preclude a Party from seeking additional or further limitations on the use or disclosure of such information.

38.     Obligations Of Parties: Nothing herein shall relieve a Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute or the Chapter 11 Cases.

39.     Advice Of Counsel: Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Dispute and the Chapter 11 Cases and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

40.    <u>Enforcement</u>: Upon Court approval, the provisions of this Order will constitute an Order of this Court and violations of the provisions of this Order will be subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

**SO ORDERED:**

_____
Alfredo Perez
United States Bankruptcy Judge

[*Remainder of page intentionally left blank*]

Dated: May 9, 2025

Respectfully submitted,

/s/ *Jason L. Boland*
**NORTON ROSE FULBRIGHT US LLP**

Jason L. Boland (SBT 24040542)
Robert B. Bruner (SBT 24062637)
Julie Harrison (SBT 24092434)
Maria Mokrzycka (SBT 24119994)
1550 Lamar Street, Suite 2000
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
Email: jason.boland@nortonrosefulbright.com
       bob.bruner@nortonrosefulbright.com
       julie.harrison@nortonrosefulbright.com
       Maria.mokrzycka@nortonrosefulbright.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Brian Schartz, P.C. (TX Bar No. 24099361)
Ross J. Fiedler (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: jsussberg@kirkland.com
       bschartz@kirkland.com
       ross.fiedler@kirkland.com

*-and-*

Peter A. Candel (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: peter.candel@kirkland.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

**MCDERMOTT WILL & EMERY LLP**

/s/  *Darren Azman by permission*
Charles R. Gibbs (TX Bar No. 07846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
2801 North Harwood Street, Suite 2600
Dallas, TX 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: crgibbs@mwe.com
        mhelt@mwe.com
        gwilliams@mwe.com

*-and-*

Darren Azman (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
E-mail:dazman@mwe.com

*-and-*

William A. Guerrieri (admitted *pro hac vice*)
Carole Wurzelbacher (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: wguerrieri@mwe.com
        cwurzelbacher@mwe.com

*Proposed Counsel to the Official Committee of*
*Unsecured Creditors of Global Clean Energy Holdings, Inc., et al.*

## EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| GLOBAL CLEAN ENERGY | ) |
| HOLDINGS, INC., *et al.*,[1] | ) Case No. 25-90113 (ARP) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY**
**THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

I, _____, declare under penalty of perjury

(this "Declaration") that:

1.    My address is

_____
.

2.    My present employer is

_____
.

3.    My present occupation or job description is

_____

_____
.

4.    I have been engaged as _____

on behalf of _____ with respect to *In re Global Clean Energy*

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/GCEHoldings. The location of Debtor Global Clean Energy Holdings, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is: 6451 Rosedale Highway, Bakersfield, California 93308.

*Holdings, Inc., et al.*, Case No. 25-90113 (ARP) pending in the United States Bankruptcy Court for the Southern District of Texas.

5.      I hereby certify and agree that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order (the "Order").  All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order. I further certify that I will not use Discovery Material for any purpose other than the Disputes and the Chapter 11 Cases, and will not disclose or cause Discovery Material to be disclosed to anyone not expressly permitted by the Order to receive Discovery Material.  I agree to be bound by the terms and conditions of the Order.

6.      I understand that I am to retain in confidence from all individuals not expressly permitted to receive Discovery Material, whether at home or at work, all copies of any Discovery Material, and that I will carefully maintain such materials in a manner consistent with the Order. I acknowledge that the return or destruction of Discovery Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

7.      I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.


Date: _____          Signature: _____